# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISCFLO CORPORATION,<br><br>               Plaintiff,<br>    v.<br>AMERICAN PROCESS EQUIPMENT, INC., and ROBERT T. WARRENDER,<br><br>               Defendants. | Case No. 11cv00476 BTM (RBB)<br><br>**ORDER RE MOTION TO DISMISS** |

## I.   Introduction

On March 9, 2011, Plaintiff Discflo Corporation filed a Complaint for Patent Infringement against Defendants American Process Equipment, Inc., and Robert T. Warrender, alleging infringement of U.S. Patent 7,097,416 (the '416 Patent). Specifically, Plaintiff's Complaint raises against both defendants claims of direct infringement under 35 U.S.C. § 271(a) and claims of indirect infringement under 35 U.S.C. § 271(b) (induced infringement) and 35 U.S.C. § 271(c) (contributory infringement).

On April 21, 2011, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the facts alleged on the face of the Complaint and the exhibits attached thereto[1] preclude Plaintiff from establishing direct infringement under § 271(a). Defendants also contend that the Complaint insufficiently

---

[1] Attached to Plaintiff's complaint are two exhibits. Exhibit A is a copy of the '416 Patent. Exhibit B appears to be several pages of promotional material advertising "examples" of Defendants' allegedly "infringing pump products." (Cplt. at ¶ 17.)

pleads indirect infringement under §§ 271(b) & (c) because it contains no allegations of fact supporting specific intent to induce or contribute to another's infringement.  Lastly, Defendants argue that the Complaint insufficiently pleads contributory infringement under § 271(c) because it fails to allege Defendants' knowledge of any component manufactured by Defendants that is specifically made or adapted for an infringing use.  Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice.

For the reasons set forth below, the Court DENIES Defendants' motion with respect to Plaintiff's claims of direct patent infringement and GRANTS the motion to dismiss Plaintiff's claims of indirect infringement and constructive infringement as to both Defendants.

## II.     Pleading Standards

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails to state a claim upon which relief may be granted. Rule 8(a)(2), which governs pleading requirements, states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court interpreted Rule 8 to require a showing of "facial plausibility":

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

129 S.Ct. at 1949.

Iqbal's heightened pleading standard does not apply to claims of *direct* patent infringement under § 271(a), since Form 18 to the Appendix of the Federal Rules of Civil Procedure sets forth an example for pleading direct infringement requiring minimal allegations, and Rule 84 clarifies that "[t]he forms in the Appendix suffice[.]"  But while Form 18 shields direct infringement claims from Iqbal's heightened pleading standard, it is "silent as to any other theory of patent infringement besides direct infringement" and therefore does not apply to claims of indirect infringement raised under §§ 271(b) & (c).  Halton Co. v. Streivor, Inc., No. C 10-00655, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010); see also DR Systems, Inc. v. Avreo, Inc., No. 11cv00932, 2011 WL 4850171, at *1 (S.D. Cal. Oct. 12,

2011) ("[B]ecause Form 18 does not address induced infringement or contributory infringement, the heightened pleading standard of Twombly and Iqbal apply to allegations of induced infringement and contributory infringement.").

### III.     Discussion

#### A.     Direct Infringement

Plaintiff alleges direct infringement under § 271(a).[2]  In light of Form 18 to the Appendix of the Federal Rules of Civil Procedure, a properly pled complaint for direct infringement needs "only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages[.]" McZeal v. Sprint Nextel Corporation, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).  On its face, Plaintiff's complaint satisfies these five elements.

Defendants' motion, however, does not argue that Plaintiff's complaint is missing necessary content.  Rather, Defendants argue that dismissal is warranted at this stage because there is no way, as a matter of law, that the products described in Exhibit B to Plaintiff's Complaint could infringe on the '416 Patent.  Plaintiff responds that this argument is prematurely raised, and the Court agrees.

Determination of an infringement claim involves a two-step inquiry.  "First, the claims are construed, a question of law in which the scope of the asserted claims is defined." Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 261 F.3d 1329, 1336 (Fed. Cir. 2001).  The process for claim construction in this Court is governed by Patent Local Rule 4, which sets forth specific procedures not yet performed by the parties in this case.  "Second, the claims, as construed, are compared to the accused device. . . . This is a question of fact." Advanced Cardiovascular Systems, 261 F.3d at 1336.  The two-step

---

[2] "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

process of "[c]laim construction and infringement analysis should not be resolved on a motion to dismiss." See Fujitsu Ltd. v. Belkin Intern., Inc., 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011).

In the present case, Defendants first argue that the '416 Patent is limited to pumps containing impellers with a "conical" converging member and either a "helical fin" or "radial blades" attached to the surface of that member. Defendants acknowledge that this argument requires the Court "to determine what a converging member is, and what a helical fin on the converging member is." (Def. Mem. at 10.) Defendants then argue, based on a photograph and an illustration contained in Exhibit B to Plaintiff's Complaint, that Defendants' product depicted in Exhibit B "lacks a converging member, and lacks any helical fin on a converging member" (id.), and that it also "lacks a conical member, and lacks any radial blades on a conical member" (id. at 14). Defendants concede that their argument seeks to establish non-infringement via the two-step process. (Def. Mem. at 7). As stated above, a motion to dismiss is not the proper time to attempt a construction of the '416 Patent's claim limitations and perform a factual inquiry into the properties of the accused product. DR Systems, Inc. v. Avreo, Inc., No. 11cv0932, 2011 WL 4850171, at *2 (S.D. Cal. Oct. 12, 2011) ("Whether [defendant's] medical imaging system contains a particular claim element . . . is an issue of claim construction and infringement, which is not properly considered in a 12(b)(6) motion.").

The Court notes, however, that the three independent claims in the '416 Patent, by their plain language, appear to require either a "helical fin" (Claims 1 and 10) or "a plurality of radial blades" (Claim 17) to be attached to the outer surface of the "converging member" (Claim 1) or "conical member" (Claims 10 and 17). The Court further notes that the illustration and picture contained in Exhibit B of the Complaint suggest the absence of a helical fin or a plurality of radial blades attached to the outer surface of the "semi-spherical mass" (Def. Mem. at 11) contained in the accused device. Though the Court is unwilling at this time to construct the relevant terms in the '416 Patent or to make factual findings regarding the properties of the accused device, the Court believes that Defendants have raised sufficient concerns as to infringement to merit an accelerated claim construction

hearing.[3]

### B.   Indirect Infringement

Plaintiff raises claims of indirect infringement under theories of both induced infringement and contributory infringement. To prove induced infringement under § 271(b),[4] "the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." i4i Ltd. Partnership v. Microsoft Corp., 598 F.3d 831, 851 (Fed. Cir. 2010) (citation and quotation marks omitted). Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in part).

To prove contributory infringement under § 271(c),[5] a patentee must show that the defendant sold, or offered to sell, "a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) 'to be especially made or especially adapted for use in an infringement of such patent.'" i4i Ltd. Partnership, 598 F.3d at 850-51.

With respect to pleading the particular elements of induced and contributory infringement, Plaintiff's Complaint alleges only that "Defendants are inducing and/or contributing to the infringement of one or more claims of the '416 Patent by selling pump

---

[3] See Patent Local Rule 1.3 ("The court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the court's schedule or the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents.").

[4] "Whoever actively induces infringement of a patent shall be liable as an infringer."

[5] "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

products to others, which purchasers directly infringe one or more claims through their use of such purchased pump products" (Cplt. at ¶ 18), and that "[d]espite [notice of the '416 Patent], Defendants have continued to willfully engage in acts of infringement without regard to the '416 Patent" (id. at ¶ 21).

These allegations are insufficient to state a claim for either induced or contributory infringement.  First, Plaintiff has failed to adequately allege specific intent to induce or contribute to infringement.  Allegations of a defendant's "mere knowledge of possible infringement will not suffice" to show the requisite specific intent, Vita-Mix Corp. v. Basic Holding, Inc., 582 F.3d 1317, 1328 (Fed. Cir. 2009), nor will Plaintiff's statement that the Defendants infringed the '416 Patent "wilfully."  See Halton Co., 2010 WL 2077203, at 2 (holding that allegations that defendant "intentionally" and "willfully" infringed were insufficient to state claim for indirect infringement).

Second, Plaintiff has failed to state in any way how any products manufactured by Defendants are components that were "especially made or especially adapted" to be used by a third party in assembling a final product that infringes on the '416 Patent. See 35 U.S.C. § 271(c) (applying to whoever "offers to sell or sells within the United States or imports into the United States a *component* of a patented machine").

## IV.   Conclusion

For the reasons set forth above, the Court hereby DENIES Defendants' motion to dismiss Plaintiff's claims of direct infringement as to both Defendants, and GRANTS the motion to dismiss Plaintiff's claims of induced and contributory infringement as to both Defendants.  Plaintiff has leave to file an amended complaint if it can remedy the deficiencies noted above.  Any amended complaint must be filed by January 27, 2012.  Additionally:

- Plaintiff must serve the Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before Friday, February 3, 2012.
- The parties must simultaneously exchange their Preliminary Claim Constructions on or before Friday, February 24, 2012.

- The parties must simultaneously exchange their Responsive Claim Constructions on or before Friday, March 9, 2012.
- The parties must submit their Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement on or before Friday, March 23, 2012.
- The tentative date for the claim construction hearing will be Monday, April 9, 2012, at 11:00 a.m.
- The parties are directed to appear before Magistrate Judge Brooks for an early neutral evaluation and case management conference at such time as designated by Judge Brooks.

**IT IS SO ORDERED.**

Dated: December 29, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge